We'll hear argument first this morning in Case 16-1150, Hall v. Hall. Mr. Simpson. Mr. Chief Justice, may it please the Court. Ever since the Judiciary Act of 1789, there has been a right of appeal from a final judgment. We ask that this Court support the right of appeal in this case because for three reasons. First, it comes from a final judgment entered in the case. It provides a bright-line rule that brooks no exception. When a final judgment is entered, you have a right of appeal. Second, Rule 42 does not merge cases. There is a careful architecture in the Federal rules from Rules 13 through Rule 24 designed to bring cases that should be tried as one case together. Rule 42, on the other hand, is for the exceptional case that doesn't fall within the categories that fall under Rules 13 through 24, and there is no reason for merger in those cases. Sotomayor, please explain to me what the purpose of 42 dividing it up into two sections is, because you don't need the B section under your reading. Why use the word consolidate, which your adversary points out generally has a connotation of merging two things into one? Why use it at all? What's the necessity of it? I think Rule 42a1, which talks about joining for hearing or trial, is designed for the case that the judge wants to keep on separate tracks, but has a reason to have, say, an omnibus hearing, whereas 42a2 is for true consolidation, whether it's for trial, for hearing, for pretrial. Sotomayor, I don't understand the necessity, meaning if we had only a1, the Court could do exactly what you're saying as well. It didn't need a2 to accomplish what a1 already says it can. It suggests to me that there's a separate purpose for a2. I agree that there is a separate purpose. I think as footnote 4 in the Ringwald case explains, the old consolidation statute actually is embodied in a2 and a3. It's a1 that is new. So there was consolidation before, and a2 and a3 continued the consolidation. What a1 does is allow, as I say, an omnibus hearing where the cases remain on separate tracks. And if I can give an example of how that would work. Suppose there is a mass tort, an industrial explosion. You have a class of plaintiffs, separate actions that are death cases. You have some who are terminally ill from this case, from this explosion. You have some that have property damage only. The Court might decide I'm going to consolidate under a2 the death cases and the people who are terminal and the property damage. So we have three separate groups, three separate tracks. It makes sense to keep those cases together and consolidate them under a2. But there might be, for example, the initial hearing where the judge says, despite that I've got these three groups of consolidated cases, separately consolidated, I also have overriding administrative business to do, and I'm going to do that under a1. I'm going to have an omnibus pretrial hearing under a1. I'm going to bring everyone together. I'm not consolidating these three groups, but we're going to talk about how we're going to administer this case. Sotomayor, how is this different from a case in which a plaintiff brings multiple claims, not all of them directly related? And in that situation, if there's a partial entry of judgment on one of the claims, you can't appeal. How is this different? Are you talking about where the plaintiff has filed separate lawsuits or just one lawsuit? One lawsuit with multiple claims. Because this is a my client's case is one lawsuit with multiple claims that preceded determination. Just as. Ginsburg. Your client has not brought a lawsuit with multiple claims. Your client has brought a claim. And it's not like a one plaintiff has one to three claims. This is a separate claim brought not by the plaintiff. So it's not the plaintiff picking one claim and leaving out another plaintiff's claim. This is a lawsuit, A against B, and then a separate lawsuit on an entirely different subject matter, B against C. So it doesn't bring up at all the question that Justice Sotomayor just posed. That's entirely correct. And under Rule 14, if C was reliable to B for something arising out of the A v. B lawsuit, that could be brought as one lawsuit. Kagan. And Mr. Simpson, I guess I don't understand your answer to Justice Sotomayor or Justice Ginsburg, because although this suit does present this different kind of issue, I took it that your argument would apply just as well to a suit in which somebody has five claims, splits them up into five different lawsuits. And you're saying that should be treated the same way that one claim with one suit with those five claims is. I don't think that those – well, I think if it gets to the point where a final judgment is entered, because the case has not been managed from an early point of the case, where in that situation what the courts do is under Rule 12b-6, they say that this – you have five different lawsuits going on. Once one is decided, you're facing res judicata in the other four. And what they do is they order the plaintiff to file all of the claims in one case, and then they dismiss the other four. So that's how that's handled under the architecture of the rules. That shouldn't even come up under Rule 42. Kagan. Kagan, I guess the bigger point that I'm making is that it seems to me that your argument applies whenever there is consolidation of cases, regardless of exactly how those cases look and what's in them. Am I right about that, the breadth of your argument? Yes, Your Honor. I – that is absolutely correct. And I point out in the briefs that when you have that kind of a case, what the court of appeals can do is stay them. But I actually believe more importantly, the district court should be managing those early on, and you should never get to that point. Do you think – I take it it's correct, isn't it, that if you prevail and so that you can appeal, you must appeal? Absolutely. And that's why I say that if that case that Justice Kagan has described gets to that point, then yes, they must appeal. And then I think the court of appeals has the ability to look at them and say, well, this case should have been brought as one case, and I'm going to – the court can say, I will stay that. Yeah, but I mean, I – yes, but I think most people would think that the district court has a greater familiarity with the litigation, particularly since the court of appeals may know nothing about it until you get a notification, and understands how related the two cases are or how not related they are, and maybe the ability to consolidate ought to continue to – I mean, to keep cases together to the extent appropriate ought to remain with the district court rather than suddenly throwing the issue before a court of appeals that is new to the whole litigation. That's certainly the argument that has been made by the amici, but I think if you look at the architecture of the rules again, Rule 23f also deals with an appeal coming up, an interlocutory appeal under the class action statutes, and there the discretion is given completely to the appellate court. Ginsburg But what about the district court in a case like this one? Could the district court say, I think that E, your client, loses on her claim, but I'm not going to enter – I'm going to instruct the clerk not to enter judgment until we resolve the – what started out as a counterclaim and then became a separate claim? I think the court can do that. I don't think that would be appropriate. I don't think that's what the rules anticipate. If – and, you know, under Rule 72, if a judgment is entered on the docket after 150 days, it's deemed final. So I think there's an indication in the rules that we want these cases to move along. Kennedy But as these questions indicate, there's a whole wide range of possibilities here. And you're saying that the district judge, which, as Chief Justice pointed out, is really better situated to decide whether the appeal should be held, has very little authority to do that. That's – and furthermore, it seems to me this is a trap for the unwary. Well, to address the first question, I think the district court has great latitude to do this. But it's under the rubric of Rule 13, compulsory counterclaims, Rule 14, third party practice, Rule 19, joint of indispensable parties. That's where these – the footnote 7 cases in Gell-Bohm, the cases that should have been filed as one, that's where that's supposed to happen. That's not where it comes up in Rule 42. In terms of the trap for the unwary, the double final judgment rule that my friend proposes actually creates the trap for the unwary, because you can have situations where a final judgment is not entered after your case is dismissed and a final judgment is entered. You can have a situation where you don't know how the court is going to deem it consolidating. Because if I understand their argument, if it's consolidated for trial, they agree that it can be appealed immediately, but if a final judgment is entered. But if it's consolidated for this nebulous all purposes, it cannot. Kennedy Suppose these parties, who certainly don't agree on very much, did agree that this case could be treated as one for purposes of appeal. What would the stipulation say? What words would they use to do that? For the parties to stipulate that it would be true? The parties agree that there should be only one appeal. Is it possible under your view? I'm not sure what the stipulation would even say. I think the stipulation in that circumstance would be the parties in 1154 who have the final judgment would stipulate in the court of appeals to a stay and say, we agree that this should remain in abeyance until the rest of the case is decided. But that allows the party to protect their right of appeal. Well, the court of appeals might well have something to say about that. The courts of appeals don't like to have matters just resting on their docket, depending upon matters of years, before the district court might get to the other matter. Certainly. But I think if the parties are coming to the court and explaining why they think it should be stayed, I don't the court of appeals might disagree. And obviously, that's its prerogative. For the courts of appeals that prefer the practice of deferring everything until there's a final judgment on the final matter in the district court, could they just have a rule, a local rule or practice of deferring cases along the lines that we've just discussed? I think they could have a rule for cases that should have been filed as one, the Gelboim Note 7 cases. I'm talking about for cases just like this, if we're in a circuit that prefers as a matter of practice to wait until everything's done. Is there anything inhibiting them from adopting a rule, staying cases where there's another related matter still lurking in the district court? I can't see any. And it's not an unfriendly question. I understood that. I think that the whole part, you know, Rule 1 of the Federal Rules of Civil Procedure, and I think there's an equivalent under the Federal Rules of Appellate Procedure, is that cases are supposed to be administered for the speedy administration of justice, speedy and efficient. And I think a blanket rule like that would run counter to that. I think if the court exercises discretion to look at each case and say, well, we think this should be stayed, I think that would pass muster. Sotomayor, suppose you were arguing this point before the Civil Rules Committee, and so the question would be, what is the best procedure? What would your argument be? Why is the procedure you outline a better one than the alternative? The reason it's a better one is because it provides this bright-line rule. You cannot be trapped. When you have a final judgment, you know you have to appeal. There's, as I indicated, there's a problem in the double final judgment rule with not having a second final judgment actually entered. There's the problem of not knowing why the case was what the court of appeals might disagree with you as to why the court of appeals disagrees. Alito, why would the alternative not provide a bright-line rule? So the alternative might be that if a case, if cases are consolidated, they are considered to be one case for purposes of the final judgment rule. I think that's counter to a whole, a lot of history of this Court, and counter to the rest of the, as we describe in the briefs, the various problems with merging cases. Kennedy, you design a rule, if you were following Justice Alito's question, you're addressing the Rules Committee, you want to improve the rules. Could you design a rule so that the parties or the judge does have an option? Absolutely. It would be Rule 42A.4, and it would be, provide that in cases that should have been brought as one under, or could have been brought as one under Rules 13 through 24, the district court will have the power to merge them. But if they don't fall within that category, that is the Gallowboy footnote. Alito, why is that better than Rule 54B? This is what I'm getting at. So you, I asked you why would your rule be a better rule, and part of your answer was there's a lot of history and authority on the other side. But I'm asking you to disregard all that. Let's say it's just a policy question. Why is your rule better than a rule that says that when cases are consolidated, they are considered to be one case for purposes of the final judgment rule, and the district court, of course, can proceed under Rule 54B if it wishes? It creates a lot of murky rules. For example, if a plaintiff has one, a private party plaintiff is suing and the government is suing, and those two cases are consolidated, when does the time for filing a notice of appeal run, 30 days or 60 days? If they're not merged, each party knows. If they're merged, there's a real question as to when that happens. Ginsburg, In this case, it was the clerk that entered the final judgment, am I right? The clerk was the one who issued the judgment under 58? Yes. And doesn't that rule provide that the court could otherwise order if the court didn't want that judgment to be entered? Yes. And not only that, you know, I think there is evidence not only from that, but from the fact that when the motion for attorney's fees was not filed within 14 days of final judgment, the district judge denied the motion for fees for failure to file it in a timely fashion. If that was not a final judgment, he would not have denied the motion. Could you explain a little bit more how you're reading Rule 58? Sure. And that was what Justice Ginsburg asked you, is that right? And you said, yes, it authorizes the court to do that. Well, how does it do that? It's nonspecific. Essentially, it says if the – after entry of a verdict or in two other occasions, the clerk shall enter the judgment unless the district judge directs otherwise. There's no guidance given to that. Well, but counsel, that's what it says, I think, in B-1 with respect to general verdicts. But then B-2 with respect to special verdicts doesn't contain any parallel language like that. And, in fact, suggests that the judgment has to be entered promptly. What do we do about that? I think it does have to be entered promptly. And that – I think that's what happened in this case. It was entered promptly. Not under 52 – not under that statute. But as I understood your answer to Justice Kagan and Justice Ginsburg, it was one of the reasons we don't need to worry about your proposed rule is that the district court has discretion to delay the entry of judgment, and that that is textually found in B-1, which indeed it is with respect to general verdicts. But there's no parallel language that you can rely on with respect to B-2. And does that diminish your argument by suggesting there the district court doesn't have discretion to delay the entry of judgment? I don't think it diminishes the argument at all. I think we are advocating for the entry of judgment. So whether it's under B-1 or B-2 I'm not sure that there's a distinction from our point of view. Kagan, did I ask you a different kind of question, Mr. Simpson? And it just really goes back to the language here. I mean, would you agree that your understanding of what it means to consolidate cases is different from the ordinary meaning of that term? I think – I'm not sure what the ordinary meaning of that term is, quite frankly. Well, suppose I said to you that a company was going to consolidate two offices. Are they going to have two offices or one office? Typically, I think people would think they would have one office. So if you're talking about the typical layman's understanding, yes, I think that means one. So – and it's not just layman, right? I mean, if you look at Black's Law Dictionary, it says a consolidation in civil procedure it defines as the court-ordered unification of two or more actions into a single action. So that's the Black's Law Dictionary definition. Same thing. Two becomes one. And I don't think that's what the rules do, and I don't think that's how it works. There was a statute, was there not? Before the rules, there was a statute. Correct. And the statute used the word consolidate, didn't it? I don't have it in front of me, so I don't know. But the statute that dealt with this issue before, Rule 58, didn't that statute Yes, I'm looking for the language. I mean, it did. And then in Johnson, Johnson tells us that consolidate for the purpose of that predecessor statute did not mean a complete merger. Correct. So Johnson is very much on your side. But Johnson was interpreting a statute, which although it similarly used the word consolidate, was different in other respects. And I'm wondering whether now that we're on a kind of blank slate, we have a new rule, it's different from the statute in a number of ways, why we have to keep on giving this quite unusual understanding of the word consolidate, why we have to keep on the same track, why we can't just say, you know what? Consolidate means consolidate. It means two becomes one. That of course, you are operating on a blank slate, and you could do that. But I think when you look at how the courts have interpreted consolidate, there are many different understandings of the term. And so I think that's what the rules have embodied over the years. So you have Well, lots of courts say, look, we're going to consolidate for some purposes, but not all purposes. And when a court does that, of course, it means something else. It means just segments of these two lawsuits are going to come together. But when a court says we're going to consolidate for all purposes, I mean, just the usual understanding of that is, okay, now we have one lawsuit in front of us, and that would have consequences as to what we think the final judgment is when it comes and when your appellate rights would kick in. Yes, Your Honor. But again, even there, the courts are all over the world on that. Some courts say all purposes has to I know, but we kind of get to figure out what's right and what's wrong as to all these courts that are all confused. That's why we're here. But I would submit then that if that would be the definition, then the cases must truly become one. There should be I have just one question, which is forget the consolidation for a moment, just to clarify in my mind. Think of Rule 54b. Imagine it's a case with a lot of parties and a lot of issues. And Rule 54b, I think, says that the court can direct entry of a final judgment as to one or more, but fewer than all the claims are parties, right? Yes. Okay. Now, suppose a judge does that as to one of the claims. At that moment, the clerk writes a separate piece of paper and it says final judgment as to that claim, right? I don't know how that's going to happen. Well, that's important, because what I'm going to ask you is, is there is a single piece of paper here, is there not? Yes. And it says final judgment, right? In this case only, yes. So I thought perhaps there is a rule somewhere which says when there is a final judgment on a separate piece of paper, you can take an appeal. But there is no such rule that I can find. Rather, what it says is the appeals courts have jurisdiction over every decision, final decision. It doesn't say final judgment. And so if it says final decision and there is no place where it says you can always appeal from a final judgment, then whether this counts as a decision for purposes of appeal, is it a final decision, is up for grabs. And the policy arguments and the old statute and the old case are all relevant. Now, have I got the question right? I think so, yes. I do? Yes. Okay. So then we are going to decide, if we decided against you and said no, final decision does not always mean final judgment, and indeed this is a case for the policy reasons they list, for example, where it doesn't count, okay? And the judge has to go, what havoc would we work? A lot of havoc. I know you think that, but I want to know what. For starters, there has always been the core, going not even back just to the Judiciary Act, but back to Blackstone, of the final judgment that where the court disassociates itself from the case being an appealable judgment. And that's what we have here. And so all the time under Rule 54b, when he issues a final judgment, it's always appealable, true or false? If the judge certifies the question under 54b. No, he doesn't certify it. What he does is follow 54b. He enters in a normal case, not consolidated, a piece of paper which says this is a final judgment in respect to claim number one. And there are 42 claims in the case. That piece of paper is entered. Is there always an appeal, yes or no? Yes, unless the court of appeals decides that the judge has not applied. So you will be able to find authority where that supports this. Is that right? And where is that authority in your brief? Because I want to the authority is for the proposition, for getting consolidation. Once a piece of paper under 54b is entered, says final judgment in respect to some, but not all of the case, there is always an appeal. Where is that authority? I think that's what rule 54b says. Now, where is the authority that says that's what rule 54b means? I'm not sure that the question has come up in that. Oh, it must have come up. Surely somebody has tried to take an appeal sometime from a judgment under 54b where there are 92 parties in a case. Like BP, they have 4,000 parties, okay? And one of them gets a partial judgment and it's entered under 54b, wants an appeal. That's never come up? Okay. You don't have the authority. I'll look. If 54b, it's not simply that the judge enters a judgment. He has to make a finding. He has to find that there is no just reason for delay. Only if the court expressly determines that there is no just reason for a delay and the whole purpose of 54b is to enable an appeal, even though the case has other things. That's what I wanted to know, actually. Okay. I apologize. I did not understand the question. But because exactly when the order is issued, it becomes appealable. I don't know anyone who would challenge that unless they were claiming that the judge had not met the standard. I would, if there are no further questions, like to reserve the balance of my time. Thank you, counsel. Mr. Katyal. Katyal, thank you, Mr. Chief Justice, and may it please the Court. The district court entered an order here consolidating for all purposes the cases brought by brother and sister against each other. Instead of challenging that, Petitioner wants to appeal part of its claims now. That maneuver runs headlong into determinations by both Congress and this Court that litigants can only appeal generally from final decisions. If adopted, my friends rule ---- Sotomayor, could you tell me how you square this with the fact that the district court denied the motion for attorney's fees because it wasn't filed within 15 days of the final judgment? Absolutely. So, first of all, Justice Sotomayor, this is a late-breaking claim in the reply brief. Both it's not ---- But it does suggest to me that the district court is treating them differently. I don't think so. I'll get to that in a moment. But I do think it is waived. I mean, that is both below we argued this was an all-purpose consolidation. We pointed out in our brief in opposition at page 2, the only time they take issue with it is in their merits reply brief. And as this Court said in Argentina v. NML, that is far too late. But now to answer the substance of the question. But just to interrupt, that means they can't raise a separate claim for the fees. It's an argument. It's not a separate claim. As I understand his argument, it's that we ---- this case is not an all-purpose consolidation case. And I think to make that argument, and using the attorney's fees as his rationale for that, and I think to make that argument only in the reply brief at the merits stage is too late. It's too late, Justice. Now you can get back to Justice Sotomayor. Now, with respect to the attorney fees question, I think my friend has misstated the way the rules work. So first of all, the judgment here, the piece of paper, to use Justice Breyer's term, was entered on February 4th of 2015. That resolved all claims. It was at that moment a final judgment and started three different clocks ticking. One is the 14-day attorney's fees clock. One is the Rule 59 motion for a new trial, which is a 28-day clock. And one is the 30-day notice of appeal clock. Now, the attorney's fees motion was filed actually 28 days later, after the 14-day clock had expired. Had the motion been filed within the 14 days, it wouldn't have been out of time. But the different what happened here is that the motion came in late, and all the district court is saying, which is the same thing that courts all over the country say, is you don't get to start a new attorney's fees clock by filing, after the 14-day period, a motion for Rule 59, new trial. Moore's federal practice says this is essentially a trap engendered by the 2009 rules. Sotomayor, but if it's not a final judgment at all, which is your point, it's not a final judgment until both, all issues in both cases are resolved, how does the 14-day clock start? It's not a final judgment. Justice Sotomayor, our position is it is a final judgment when the piece of paper was entered on February 4th. And what changed it, and this is what Rule 59, the advisory committee notes say, is when you file a Rule 59 motion, it suspends what was otherwise a final judgment. So we agree. My friend could have brought his appeal February 5th. Absolutely. There's no problem with that. But what he's trying to do now is have his cake and eat it, too, file a motion for a new trial, and then take a piece of the case up, and it runs headlong into all the other cases. The piece has a final judgment attached to it. There were two final judgments, right? There was a final judgment in her case, and there was a final judgment in her brother's case. She's not at the point where she wants to appeal her case. There's nothing else to be done in her case. So she should wait, how many, two, three more years until she can appeal? Do you claim that the judge would have in any way altered the judgment that you won during the pendency of the son's suit against the daughter? Yes, we do, Justice Ginsburg. There's a few different points to make here. Number one is in all-purpose consolidation cases, it's very common to have two pieces of paper, two judgments, as there are here. The Gonzales case in the Northern District of Illinois in 2014, the Tucker case in the Eastern District. Lots of cases say that you have to end, you actually are mandated to have two pieces of paper, even when you have all-purposes consolidation. But to go back to Justice Breyer's question, there is no case, zero case that says that when you file two pieces of paper, that that somehow changes things. Rather, the Court has always looked to the underlying substance. Is this two becoming one, or is it two separate claims? Well, if it's just, if it's, if they're consolidated for all purposes, why did the district court enter separate judgments? Why didn't he wait? He said, well, there's only going to be one judgment because these are all consolidated for all purposes, so I should wait until we're ready to have one judgment. Because, again, I think lots of times courts do it for belt and suspenders reasons, but I don't think that that somehow takes back their all-purpose consolidation. All-purpose consolidation. Why not? Why doesn't it? That's where I get stuck. If we have a district court that issues separate judgments, I think pretty much any cautious litigator would take that seriously and file a notice of appeal, because it's a signal from the district court that it is complete, it is finished. There is a final decision in this matter. So, Justice Gorsuch, first let's start with what the district court did. It's found at the Petition Appendix, page 815. This is the consolidation order. And it says, first, the motion to consolidate is granted. Second. I've read it, and it's ambiguous. It doesn't say they are merged. It doesn't use that word. It doesn't say for all purposes. And then we have, as the Chief Justice points out, a later order from the same district court, which I assume it would take as seriously as a consolidation order, it being a final judgment and all. So help me out with that. Yes. If I could, first I'd like to just to use the language of the plain text of this order, of what the order is. So number two is, the following cases, plural, shall be consolidated, number 1154 and then 1395. And then the third piece is, all submissions in the consolidated case shall be filed in case number 354. So two really does, plural, cases, become one, kind of like marriage. Breyer, that's why I'm interested in rule, in rule 54.  So under that rule, no consolidation, because the finding of what Justice Ginsburg said, a district judge can enter a final judgment as to some, but not to all, the parties or claims. Now, once you as a lawyer see that piece of paper that says final judgment, you think, I'd better appeal, period. Now, if there is nothing to the contrary, there is a strong argument for doing the same thing here, because lawyers then know, once they see a piece of paper saying a final judgment, bong, appeal. Now, sometimes they also have to know that if someone is moved for a new trial and it's granted, then, of course, there's no longer a final judgment. But that wouldn't be true in rule 59, or 50, what was it, 50, wherever it was, 54, in respect to a new trial for some of the other parties. That wouldn't affect the judgment on, that says final judgment as to Smith when Jones gets a new trial on other issues. And so why wouldn't the lawyer think exactly the same here? It's the same process, it's the same thing, it is totally consolidated. Perhaps no more and no less than an ordinary case with thousands of parties and thousands of issues. So, Justice Breyer, I'll answer your question, and then if I could, I'd like to return to Justice Gorsuch's question. So the answer to your question is the part of Rule 54 which nobody has read yet. And if you turn to our red brief, the appendix page 3a reproduces 54, and I'll just read a part of it to you. When an action presents more than one claim for relief, whether it's a claim, counter claim, cross claim, or third party claim, or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all. Now, here's the important language I'll sentence down. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or rights and liabilities, fewer than all the parties, does not end the action. So the Rule 54, Justice Breyer, answers the question by saying, look, if you have a consolidated case, and then not all the claims or counter claims of all of the rights and parties are adjudicated, then you're on notice that your case is not yet final. And that's what we're asking you to do, which is that Rule, as our red brief at page 14 points out, in every single circuit, with the partial exception of the Sixth Circuit, which has introduced contrary things. And he wants to switch up the rule massively. Now, Justice Gorsuch, you asked, what about this order? Doesn't it suggest maybe that it wasn't all-purpose consolidation? As I said, the Third Circuit, as the case comes to the Court, this is found in Petition Packs, page 4, says this was all-purpose consolidation. At the oral argument, they even asked this and said, hey, it doesn't use the word all-purpose. But the Court, relying on the Third Circuit precedent, which is Bergstrom, said if a decision – and this is the law in many, many circuits – if a decision doesn't say all-purpose consolidation or not, but everything is merged together, it is treated as all-purpose consolidation. And that follows from the other side of the argument. I mean, we're talking about a single case. We're talking about two cases, same lawyers, same parties. But consolidation can come up in a situation, and often does, when there are a hundred separate cases, a mass tort situation. And there, one waiting for the final judgment can be a very long wait, and it could be very prejudicial. I mean, let's say it's in some sort of mass tort, and some of the people have emotional distress damages, others physical injury. And early on, the judge says, look, I don't think you can recover emotional distress. So all the cases that just have emotional distress, judgment is entered against them. Now let's go on to the other thing, which is going to take five years. Doesn't your position make that extremely complicated? No, Mr. Chief Justice. I think that this is – this is really a bad solution of my friend in search of a problem. There is no problem. That is, in those complicated cases, there are three different independent safety valves. And as this Court in Mohawk said, they go a long way toward resolving this in, for example, the multiple claim case. So there is Rule 54. The district court can send a case up to the court of appeals. There's 1292B, an interlocutory appeal. And there is the writ of mandamus. And together, I think those do a good job of the case. Ginsburg. But why wouldn't the district court think, what's the point in my entering a 54B rule? I have a case in which a final judgment is entered. Why isn't that piece of paper that says, final judgment, under Rule 58, the equivalent of 54B? I mean, the judges say, you want me to order a 54B judgment? But there's already a final judgment in this case. The clerk entered it, and I didn't tell him otherwise. So does that say, Justice Ginsburg, I'm not aware of any case in the entire Federal system that says, because I entered a piece of paper with the words, uses the word final judgment, that that alone is enough? And to the contrary, and this goes back to Justice Breyer's question, Mackey and cold metal process are both cases in which there was the designation of a final judgment, but that wasn't enough, because if you resolve only some of the claims or you resolve claims only against some of the defendants, that's not enough. You've got to ask for the 54 or have it sua sponte. Ginsburg Why didn't you just explain to me? You did say in your brief that there is – that a common issue is central to the resolution of these two cases. One case is the estate against the son for using his – rent from his mother's property improperly. That's the charge of the estate. Then there is the charge of the son against the daughter for alienation of affections. What is the – what is the common issue central to the resolution of both of those cases? The Third Circuit found, and this is Petition Appendix pages 8 and 9, that there was overlap, that there was going to be credibility determinations, that there was going to be – The central issue, I see in one case, the central issue is did the son misuse the rent from his mother's property? Other case, did the daughter alienate the mother's affection against the son? So what's – And the central issues in both turn on the state of mind and the credibility of both the brother and the sister, and that is what the Petition Appendix – what the Third Circuit found. That's why they were central. And look, I can imagine they could disagree with that, but that's appealing the consolidation order, not now going back and saying, I want to break apart a chunk of the case. Ginsburg. I ask you – this relates to the question that the Chief asked, and I think it's key. She's lost a case, and she's lost it and has a final judgment. The judge orders a new trial of the other case. How much time has elapsed from the time she lost her case with the paper saying she has a final judgment, and when the son's case against the daughter is finally resolved? So there is a large gap of time, as there often is in – How much time? Well, I think about approximately two years, and that's true sometimes in multiple defendant cases. She should sit there for the two years. No. She should do exactly what the Third Circuit said, ask for a 54B judgment or perhaps a 1292, and the difference is, as the Chief Justice and Justice Kennedy were saying to my friend, the district court is empowered under 54 and 1292, and they are the ones with expertise and familiarity. How would a lawyer that has a final judgment, which you get a piece of paper that says final judgment, you know that now you can appeal. How would a lawyer know that, oh, this piece of paper that says final judgment, forget it, because it's meaningless. You have to get a 54B judgment. Because, as I was saying, Justice Ginsburg, any lawyer who read Rule 54B, the language I was reading to Justice Breyer, it says however you designate it, and I'm not even sure it uses the words final judgment on that form, but however you designate it, the designation alone is not enough. That is the rule in circuit after circuit, and, you know, if you adopt my friend's rule, you have a trap for the unwary on the other side. Now, I think I may be getting this. You say, look, here is what you want us to say. Once you see your cases consolidated for all relevant purposes, I mean, there could be exceptions, but forget that, for all relevant purposes, you have what the rules call a case with multiple claims involving multiple parties, both. And therefore, what you do, lawyer, is if you want a quick appeal, you tell the judge to make an express finding that there is no just reason for delay. Judge, you must make that finding, or you cannot enter a final judgment. Whatever you call it, it isn't a final judgment. That's because of the otherwise language. So you want the consolidation. It would be nice if it explicitly, but you want us to say it implicitly references 54B, and that's how we should handle it. Is that right or wrong? That is right, and that is exactly what every circuit does. This is our red brief at page 14, with the partial exception of the six. We're asking you to make the very same rule in place. Mr. Katyal, in Johnson, the Court, before Rule 42 was adopted, the Court said, Consolidation is permitted as a matter of convenience in economy and administration, but does not merge the suits into a single cause or change the rights of the parties. Now, if — and there's the old rule that the plaintiff is the master of the complaint that the plaintiff files. So if the intent of Rule 42 was to change that, wouldn't the — wouldn't the rule drafters have done so clearly? But just to use the term consolidation doesn't — is certainly not a clear signal that Johnson's understanding of consolidation is no longer the one that's embodied in the rule. So, Justice Alito, we quite agree that plaintiffs are, in general, the masters of the complaint, but they're not masters of the timing of their appeal. That is the whole purpose of the final judgment rule, to empower district courts, really, to make that determination. Johnson was a partial consolidation case. It was not a full-purpose consolidation case. And here's what the advisory committee notes in 1937 said about this. They said, Section 734, which was the statute being interpreted in Johnson, but is, insofar as the statute differs from the rule, it is modified. And so you do have the advisory committee saying so, and, as Justice Kagan points out, that is the definition. Ginsburg. The advisory committee did not say, it said, insofar as. It didn't say that your position is the correct one. Suppose, could you not, instead of just — there was the court granting the plaintiff a new trial in your client's case against the daughter. You could have asked the district court, at that point, to stay the entry of judgment on the estate claim, couldn't you? I think we might be able to, but as Justice Gorsuch was pointing out, that delay of the entry of the judgment when you have a special verdict for him has to occur within 150 days. You had a certain advantage by not doing that, by not asking to stay the entry of the judgment on the estate's claim, because then you and the law firm have no claim outstanding against you that has to be shown on financial statements. So by having the separate judgment final, you don't have to report it. But if you're right that it really isn't a final judgment, then has the — the SAM and his law firm, have they listed this as a claim still outstanding against them? Justice Ginsburg, we agree with you that sometimes, if you adopt our rule, it's going to benefit one side or the other. I think the point we're making here is the same point that this Court made in Mohawk, which is in general, in the mine run of cases — Ginsburg, I asked you that question, and do you know, then, did they treat it as a claim still outstanding against them? Well, I think that — I think that, as the Third Circuit said, yes, there's so much overlap between these two that there can be — And I'm asking you how that law firm treated what was a claim against them, and now is no longer, because they prevailed after the trial and a judgment has been entered. Well, they can certainly appeal from that judgment that would dismiss the claim against the law firm. The question is only, can they appeal it right? No, I'm not talking about the claim against — I just want to know, is that, on your theory, then the claim should be still outstanding? We agree. Every claim that they lost on one of those two pieces of paper can be appealed. I'm talking about the claim that they won, the claim that they won — the estate lost, right? The estate lost that case. And I'm asking you, do they have to still report it as a potential liability unless and until the whole case is wrapped up? So if I understand your question, they lost everything. They lost — they didn't win any claims against us. So the law firm has won, and the son has won in the trial, and those are what those two pieces of paper are. And my point to you is, anything that my friend on the other side lost, they can appeal. The only question is the timing. And if they are worried about the hardship, they can use Rule 54 or 1292. Mr. Cottrell, on 54, where I get tripped up is the word action. 54 speaks of sending upstairs a claim within an action. And the Federal rules consistently understand the word action to be the complaint, the lawsuit. In fact, even this rule that we're now interpreting speaks of actions, Rule 2, Rule 3. So it seems to me that your dependence on 54 runs into a bit of a plain-language issue. I don't think so. I think that this Court has always said that Rule 54 should be interpreted practically, not technically. It does have a kind of unique meaning that goes all the way back to Mackey and cold metal. And the question is — So do you have any answer on the text of action, though? Well, I think that the text of action is referred — means a single judicial unit. And the rules empower a court — a district court to decide what is a single judicial unit. So this is why every circuit, basically, with the exception of the Sixth, says it is — in action, for purposes of Rule 54, is a all-purpose consolidated set of cases which is merged. Two becomes one. That is an action. Now, there are times when the rules use different — use the same word to have different meanings in it. So attorneys' fees, for example, are considered costs under Rule 68, but not 48. You don't anywhere else in the rules where action is used differently? Well, I think, actually — you know, I'm not sure that you should get into that for purposes here and write an opinion that says action for all purposes in the rules. No, I'm just asking whether you're familiar in any other place in the rules. Well, I don't know that it comes up, really, in any other rules. Our red brief explains the kind of idea that this is going to have some domino effect on other rules. We don't think it's true. To the extent it will matter, it might matter in, you know, a couple of rules. But if anything, as Professor Stedman's article shows, you know, that might promote more efficiency. But we think you shouldn't get into it. There's a long tradition of the Court adopting different meanings of words in the Federal Rules of Civil Procedure, costs, you know, costs and, you know, other words like that. So I don't think it should get — you know, I don't think it should do more. Now, if — our central point to you, and this is something made by the district judge's amicus brief, is that the whole point of the Federal Rules is to empower them as dispatchers, to send up those cases, as the Chief Justice said, pose unique hardships. Now, Justice Ginsburg, you had asked, well, the 1937 rules don't really fully repudiate Johnson. But I do think — and this goes back to Justice — No, they don't repudiate it at all. There's not one word said about Johnson. Well, there's not one word said about Johnson. But there is something important in the rules, and this goes back to the very first question today, which is Justice Sotomayor's question. There are two different parts to Rule 42. There's A2 and there's A1. A1 is to join for hearing or trial any or all matters at issue in the actions. But 2 is broader. It's to consolidate the actions. And that's got to mean something more than just holding a joint proceeding, like my friend on the other side said with this hypothetical. That really does refer to and empower the district court to make an all-purpose consolidation, to make 2-1, like marriage. And was that in the prior statute, Mr. Katyal, that 42A1, which really does lead you to think about the term consolidation differently? Right. So I don't believe the prior statute did break apart these two. And so I do think that, to go back to the plain text of A2, I do think it does say something different. And could you also add 42A3? Because 42A1 is about, you know, joint hearings and trials. 42A3 says, look, you can also issue any other kind of order you want to minimize delay. And then, separate from that, you have this consolidation provision. Exactly, Justice Kagan. And so, look, I could imagine that you could twist the rule and mean it to be something else and try and get it out of Johnson. But, boy, before you did so and go against the plain text, I think you'd have to have an incredibly good reason to depart from the longstanding idea that Federal district courts are best empowered, as the amicus brief by Federal judges says, to make these determinations, to send up those cases. You've mentioned that a couple of times. What are we to make of the amicus brief filed by seven retired Federal judges? Do we imply that the other 280 don't agree with it? Or, I don't quite know what to do with that. Right. I mean, I think, you know, you had a similar group before you in Gelboim. And I do think that, you know, look, if we had more time, I suppose we would have gotten more judges. But we did want to bring to you the perspective, and I think the judges want to bring to you the perspective of, you know, having sit through these long, complicated trials. Well, it's the perspective of seven individuals. I don't know that that represents the perspective of district judges generally. Right. It's just one data point. But I do think it's a data point that squares very much with what this Court has said time and again in Cold Metal, in Mackey, in, you know, Richardson, that district courts and complex cases, to use what you were saying earlier, Mr. Chief Justice, are particularly suited to trying to decide whether or not cases are going to be interrelated. And to allow piecemeal appeals, but, you know, without the permission of the district court, is really to do something very dangerous to the circuits. Mr. Katyal, what do you think we should do if, on the one hand, we think your rule makes a lot of sense for cases that are consolidated completely for all purposes. But on the other hand, we're concerned that this case should not have been. What should we do with that? Well, I don't think, you know, that it's way too late to say this case shouldn't have been consolidated. I mean, that's just, I think, waived in multiple different ways. It just does seem to me that many of the questions that have been put to you really do deal with the question of whether consolidation was proper here. Exactly. And as our brief at page 43 explains, look, you can appeal a consolidation order. You can even do it on an interlocutory basis. There are cases that permit that. That would have been the proper cause of action. But to fight, and this is my opening lines to you today, to fight about that, you know, through the guise of trying to say, well, I get to file a right of appeal. He's complaining about consolidation. Let him complain about consolidate. You know, he should have complained about it, and other litigants can in other cases. But don't try and twist Rule 54 and Rule 42 to try and accommodate that. That's a very separate thing. You're making it two cases, in fact, your client did. Because originally, that claim was brought as a counterclaim, part of one action and a counterclaim. You deliberately dropped the counterclaim and commenced an independent action. So, Justice Ginsburg, that's exactly what's going on in cold metal. There are two very different – there are two different causes of action. Your client has made it from a case with a claim and a counterclaim into two cases. And that's an argument he could have used to try and oppose consolidation. But at this point, as this case comes to the Court, I don't think that would be appropriate. Now, to the extent we're worried about abuse about consolidation or something like that, I think Justice Alito's idea of the National Federal Rules Committee is one to think about this. But I don't think it would be a good idea to use local rules and have geographic variations, circuit to circuit, and people having to wonder whether or not they have to file notices of appeal and, you know, whether there'd be a right – Wouldn't it be clearer if it were in the rules rather than in the case law, which is currently so split? Well, I don't think it's actually – I mean, if you go back – The reason why we took this case is because there is a split. Well, only with a partial exception of the Sixth Circuit. Our brief goes through all of these cases. When you deal with all-purpose consolidation, his split is about partial consolidation in general. There's only three cases we've been able to find in the Sixth Circuit, two of which are unreported, that disagree with what every other circuit that we've been able to find that's ruled on this has found. So I think all we're saying to you is leave the rules where they are to the extent you're concerned about any, you know, problems with the rules, any problems with consolidation. I think the National Rules Committee is the place to be. If there are no further questions. Roberts. Thank you, counsel. Mr. Simpson, four minutes. The characterization of this consolidation changed in the – from the opposition to the writ for certiorari to the red brief. At the red brief, at the certiorari stage, it was characterized, as we did, as a consolidation for trial, and that's what it was. I think it's important to understand that all of the circuits disagree about even what is consolidation for all purposes. The Boggsian case from the Third Circuit says a case consolidated for pretrial and trial purposes is for all purposes. That's what happened in our case. It was consolidated for pretrial and trial, and so under the Third Circuit definition, it is all purposes. Other circuits have a completely different definition, and they talk about in the unitary consolidation type of case, there's one docket, there's one judgment entered, not two. They call that all-purpose consolidation. So that's one of the problems we have here. The Rule 54, Justice Gorsuch, as you noted, refers to a single action. There's nothing in the amendments to the – or the adoption of the Federal Rules to suggest that the Rules Committee was planning on overruling a Supreme Court precedent from the year before that said cases don't merge. Merge doesn't appear in the Federal Rules. To correct one statement in reference to a question asked by Justice Ginsburg, Your Honor, the Sons case is still not final, so it is not two years. We are now three years – February will make three years since the entry of the final judgment in my client's case. And the other case still is not final. The new trial has already been held. No judgment has been entered on it. Once a judgment is entered on it, you can't do anything. Do you have any idea why it's being held? This is more curiosity than anything. I have a theory. The counsel representing ELSA in her individual capacity made an oral motion for new trial and judgment on the pleadings – or, excuse me, judgment as a matter of law at the time of the conclusion of Samuel's case. When that was denied, they rested and put on no evidence. The judge took the motion under advisement. The verdict then came in. And he's never ruled on that. And at the same time, they also filed a written one before. Sotomayor, What's the verdict? Against your client? The verdict was against ELSA in her individual capacity. And one – just one quick clarification on this case. There are two different ELSAs in this case. They are not the same parties. ELSA in her individual capacity is legally distinct from ELSA as the trustee of the trust. And that's the Alexander v. Todman case in the Third Circuit makes that very clear. So this is not A versus B and B versus A, where B could have asserted this as a counterclaim against ELSA in her individual capacity. Are there no other questions? Roberts. Thank you, counsel. The case is submitted.